Oldham J., delivered the opinion of the court. The proceedings in this case appear from the record to have been had in the county court of Crittenden county before Anthony Menesinger and William B. Hay Judges thereof. By the Rev. Stat. ch. 61, sec. 14, it is enacted that two justices .of the peace shall be elected “to assist in holding the county court and that such justices in conjunction with the presiding judge of said court shall have power to hold the county courts &c.” The 43 ch. 7 sec. enacts that “the presiding judge of the county court and any two j ustices of the peace of the county shall be a quorum to transact business in the county court.” By these provisions of the Revised Statutes, as well as the provisions contained in the constitution for the establishment of county courts, it is requisite to constitute a quorum for the transaction of business, that the presiding judge and two justices of the peace, or in the absence pf the presiding judge, a majority of the justices of the county should preside. The record shows that there was no quorum present, when the proceedings were had in the county court of Crittenden county, .and consequently the judgment so rendered is an absolute nullity, and must therefore be quashed.